IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD PLUMMER,<br><br>               Plaintiff,<br><br>    v.<br><br>S.A. GODINEZ, *et al.*,<br><br>               Defendants. | Case No. 13 C 8253<br><br>Judge Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Joy Urubusi's ("Urubusi") Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) [ECF No. 38]. For the reasons stated herein, the Motion is granted.

### I. BACKGROUND

On November 17, 2013, Plaintiff Edward Plummer (hereinafter, "Plummer" or "Plainitff") filed a twenty-nine count Complaint alleging violations of 42 U.S.C. § 1983 and medical malpractice. Urubusi, a psychiatrist who treated Plummer while he was incarcerated by the Illinois Department of Corrections, is one of sixteen Defendants ("Defendants") named in the Complaint.

Plummer claims that during his incarceration from approximately 1991 to 2007, Defendants forced him to take

certain psychotropic medications, which caused him to suffer permanent injuries including diminished mental capacity. According to Plummer, on June 20, 2004, Urubusi added two milligrams of Prolixin to Plummer's medication regiment with no basis for doing so. Plummer claims that changing his medication without medical basis violated his Eighth Amendment right to be free from cruel and unusual punishment and constituted medical malpractice. Plummer claims that he discovered his alleged injuries after he requested copies of his mental health records on May 3, 2012.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *Hallinan v. Fraternal Order of Chi. Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). A complaint must contain a short and plain statement showing the plaintiff is entitled to relief and providing the defendant with fair notice of the claim and its basis. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citing Fed. R. Civ. P. 8(a)(2)). A complaint need only contain sufficient factual allegations that, if accepted as true, state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570) (internal quotations omitted).

## III.  ANALYSIS

Urubusi argues that Plummer has failed to state § 1983 and medical malpractice claims because:  (1) both claims are barred by the applicable statutes of limitations, (2) Plummer failed to allege facts sufficient to show that Urubusi acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment, (3) Plummer failed to comply with the pleading requirements for medical malpractice actions contained in 735 ILCS 5/2-622, and (4) the claims brought in Counts XIII and XX do not identify Urubusi properly.

### A.  Statute of Limitations

Urubusi first argues that the two-year statute of limitations for Plummer's § 1983 and medical malpractice claims has run. Plummer filed his Complaint on November 17, 2013. Urubusi allegedly added the Prolixin to Plummer's medication regiment on June 20, 2004.  Urubusi argues that Plummer knew or should have known of his alleged injury no later than December 20, 2007, which is when he stopped taking all previously administered medications.  Urubusi adds that in any case, the four-year statute of repose for medical malpractice claims in Illinois expired on June 20, 2008.

Plummer's response to Urubusi's statute of limitations defense is muddled, and much of the case law he relies on is not relevant.  Plaintiff's main arguments appear to be that:  (1) he

suffered diminished mental capacity due to Defendants' alleged conduct "and was by the time he was released from prison unable to determine the cause of the injuries he suffered," (2) he was "not qualified" to make medical determinations regarding his injuries, and (3) "the fact and extent of [his] injuries" only became clear after his medical records were requested. (Pl.'s Resp., ECF No. 43, at 2-3.) Plummer further argues his medical malpractice claims are not time barred because his diminished mental capacity tolled the statute of limitations.

Both § 1983 claims and medical malpractice claims are subject to two-year statutes of limitations with tolling provisions for legal disability. The applicable limitations period for § 1983 actions brought in federal court in Illinois is Illinois' two-year statute of limitations for personal injury actions. *Smith v. City of Chi. Heights,* 951 F.2d 834, 839 (7th Cir. 1992) (citing 735 ILCS 5/13-202). Federal law governs when the claims accrue. *Wilson v. Geisen,* 956 F.2d 738, 740 (7th Cir. 1992). "Civil rights claims . . . accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Id.* An individual who is under a legal disability at the time a personal injury cause of action accrues may bring the action "within 2 years after . . . the disability is removed." 735 ILCS 5/13-211(a).

The applicable limitations period for medical malpractice actions is two years from "the date on which the claimant knew, or through use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action." 735 ILCS 5/13-212(a). A plaintiff cannot bring a claim more than four years after the act alleged to have caused the injury occurred. *Id.* However, if a medical malpractice plaintiff was under a legal disability at the time his cause of action accrued, the limitations period does not begin to run until the disability is removed. 735 ILCS 5/13-212(c).

A legal disability need not be adjudicated formally for either the personal injury or medical malpractice tolling provision to apply. *See, West by Grove v. Rockford Memorial Hosp.*, 812 F.Supp. 833, 835–36 (N.D. Ill. 1992). To allege a legal disability, a plaintiff must allege that he was "entirely without understanding or capacity to make or communicate decisions regarding his person and totally unable to manage his estate or financial affairs." *Estate of Riha v. Christ Hosp.*, 544 N.E.2d 403, 405 (Ill. App. Ct. 1989).

The Court finds that Plummer has sufficiently alleged a legal disability that would toll the statute of limitations under 735 ILCS 5/13-211(a) and 735 ILCS 5/13-212(c). Plummer alleges that after his release from prison on December 28, 2007

he was missing until February 19, 2008 "because he no longer had the mental capacity to find his way home." (Compl., ECF No. 1, ¶ 49.) Further, Plaintiff alleges that since his re-release from a subsequent incarceration on March 4, 2008, he has remained unable to live on his own and cannot take care of himself. (*Id.* ¶ 51; Pl.'s Resp. at 2.) Plummer's situation is distinguishable from those described in the cases Urubusi cites, in which plaintiffs indicated that they were able to manage their own affairs. *See, e.g., Parks v. Kownacki,* 737 N.E.2d 287, 295 (Ill. 2000) (rejecting legal disability claim where plaintiff did not allege difficulty "managing her person or estate"); *Bloom v. Braun,* 739 N.E.2d 925, 933 (Ill. App. Ct. 2000) (rejecting legal disability claim where plaintiff held job and paid for her own living expenses).

Alternatively, and regardless of legal disability, Plummer's allegation that he did not discover his injuries until after May 3, 2012 saves his § 1983 claims at this stage. "Normally, it is inappropriate to grant a motion to dismiss based on a defendant's affirmative defense, unless a plaintiff pleads itself out of court." *Collier v. City of Chicago,* No. 08-CV-5645, 2010 WL 476649, at *3 (N.D. Ill. Feb. 4, 2010). Plummer has not pleaded himself out of court. Plummer has been diagnosed with schizophrenia. The fact that he suffered from episodes of paranoia and no longer wanted to take medication

does not establish that he should have known his rights had been violated. It is plausible that Plummer may not have known of his injuries until his medical records were obtained after May 3, 2012. If this is the case, the § 1983 claims raised in Plummer's November 17, 2013 Complaint are timely.

For these reasons, the Court rejects Urubusi's argument that Plummer's claims are time barred.

**B. Deliberate Indifference to Serious Medical Condition**

Urubusi argues that Plummer has failed to state a valid § 1983 claim for violation of his Eighth Amendment rights. Urubusi argues that Plummer has failed to allege a serious medical condition to which a state official was deliberately indifferent. Plummer does not address this argument in his response brief, except to argue that the entire course of treatment he received rose to the level of "deliberate indifference." (Pl.'s Resp. at 4.)

In an Eighth Amendment analysis, "[t]he deliberate indifference standard . . . applies to the decisions of prison medical personnel as to what medical care a prisoner requires." *Collignon v. Milwaukee Cnty.,* 163 F.3d 982, 989 (7th Cir. 1998). A plaintiff must establish "(1) an objectively serious medical condition to which (2) a state official was deliberately . . . indifferent." *Duckworth v. Ahmad,* 532 F.3d 675, 679 (7th Cir. 2008). A medical professional is deliberately indifferent if he

or she (1) knows of and disregards a substantial risk to an inmate's health, or (2) is aware of facts from which an inference of serious harm could be drawn and draws such an inference. *Id.* (citing *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)). When a treatment decision by a medical professional is so far afield of accepted professional standards that it raises the inference that it was not based on medical judgment, a jury can infer deliberate indifference. *Id.* (citing *Norfleet v. Webster,* 439 F.3d at 396 (7th Cir. 2006)).

Plummer has alleged that Urubusi increased the dosage of a powerful psychotropic drug by two milligrams with no medical basis for doing so. At this stage, the Court finds that Plummer's allegations that he endured the forced administration of drugs with no medical basis could support an inference of deliberate indifference. Thus, the Court finds that the Complaint sufficiently alleges a plausible claim that Urubusi violated Plummer's Eighth Amendment rights.

### C. Compliance with 735 ILCS 5/2-622

Urubusi next argues that Plummer's medical malpractice claims should be dismissed because Plummer did not attach an attorney affidavit or a reviewing health care professional's written report and certificate of merit as required by 735 ILCS 5/2-622. Plummer attached an attorney affidavit to his response

along with an Amended Complaint, but he nonetheless failed to attach the requisite report and certificate.

To minimize frivolous medical malpractice lawsuits, Illinois law requires that a plaintiff attach to the complaint an attorney affidavit attesting that the attorney has consulted with a qualified health care professional. 735 ILCS 5/2-622(a)(1). A plaintiff must also attach a report written by the health professional that clearly identifies the plaintiff and the reasons for the health professional's determination that the cause of action has merit. *Id.* If a report is filed as to a defendant licensed to treat human ailments with drugs - such as a psychiatrist - "the written report must be from a physician licensed to practice medicine in all its branches." *Id.* Although failure to attach a physician's report and certificate is grounds for dismissal, "discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice." *Sherrod v. Lingle,* 223 F.3d 605, 614 (7th Cir. 2000)(alteration in original)(quoting *Cammon v. W. Suburban Hosp. Med. Ctr.,* 704 N.E.2d 731, 739 (Ill. App. Ct. 1998))(internal quotations omitted).

Here, Plummer has filed an attorney affidavit, but still lacks the report and certificate needed to proceed with his medical malpractice claims. In addition, the health care

professional referenced in the attorney affidavit does not appear to be "a physician licensed to practice medicine in all its branches," which would be required in this case because Urubusi is a psychiatrist. As *Sherrod* instructs, dismissal with prejudice before granting Plaintiff leave to amend his complaint to comply with the requirements of 735 ILCS 5/2-622 is not in the interests of justice. Accordingly, the Court dismisses Plaintiff's medical malpractice claims, but does so without prejudice.

### D. Counts XIII and XX

Urubusi's fourth and final contention is that the claims in Counts XIII and XX of the Complaint do not state a cause of action against her because they name another Defendant, Lisa Weitekamp. To cure this defect, Plummer attached a proposed Amended Complaint properly identifying Urubusi. (ECF No. 43-2.) However, as discussed above, the Amended Complaint is still deficient under 735 ILCS 5/2-622.

The Court dismisses Counts XIII and XX without prejudice. Plaintiff is granted thirty (30) days leave to file an Amended Complaint that addresses both the deficiency under 735 ILCS 5/2-622 described above and the misidentification of Urubusi.

### IV. CONCLUSION

For the reasons stated herein, Urubusi's Motion to Dismiss is granted. Plummer's medical malpractice claims are dismissed

without prejudice because of his failure to fully comply with 735 ILCS 5/2-622. Counts XIII and XX are dismissed without prejudice because of the misidentification of Urubusi. Plummer is granted leave to file an Amended Complaint addressing these defects within thirty (30) days of the entry of this order.

**IT IS SO ORDERED.**

                                            Harry D. Leinenweber, Judge
                                            United States District Court

Dated: 3/4/2015