# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **EDWARD PLUMMER,** | |
| Plaintiff, | Case No. 13 C 8253 |
| v. | Judge Harry D. Leinenweber |
| **S.A. GODINEZ,** *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Defendants Salvador A. Godinez ("Godinez") and Lisa Weitekamp ("Weitekamp") have moved to dismiss Counts I, XXIII, and XXV-XXIX of Plaintiff Edward Plummer's Amended Complaint [ECF No. 66]. For the reasons stated herein, the Motion is granted.

### I. BACKGROUND

The Court draws the following factual background from Plummer's Amended Complaint. In 1989, Plummer began serving a sentence for murder at Menard Correctional Center ("Menard"). At some time in 1991, while he was still at Menard, certain Defendants began administering psychotropic drugs to Plummer. Plummer was later transferred to Dixon Correctional Center ("Dixon"). In 1996 or 1997, Plummer first reported that he was being "force-medicated." The unwanted medication continued until Plummer was released from Dixon in 2007. According to records that Plummer obtained from Dixon after his release, he had been diagnosed with schizophrenia. Plummer alleges

that the forced medication regime caused his condition to worsen, resulting in permanent injuries. Although the Amended Complaint names sixteen Defendants — including unknown psychologists, psychiatrists, and wardens at Menard and Dixon — only Drs. Aqeel Khan ("Khan"), Joy Urubusi ("Urubusi"), and John Dorn ("Dorn") allegedly administered any medication to Plummer. Khan and Urubusi have already been dismissed from this action [ECF Nos. 75 & 85]. The Amended Complaint does not attribute any conduct directly to Godinez, who was former director of the Illinois Department of Corrections ("IDOC").

In 2012, pursuant to the Illinois Freedom of Information Act ("ILFOIA"), 5 ILCS 140/1, *et seq.*, Plummer requested IDOC guidelines regarding the administration of psychotropic drugs to inmates. Lisa Weitekamp, the information officer handling the request, refused to remit the information Plummer sought. Plummer then appealed to the Illinois Attorney General ("IAG"), prompting the IAG's office to conduct an investigation and request certain documents again. When the IAG's request went unanswered, Plummer wrote Weitekamp a letter. To date, Plummer has not received any documents.

Plummer alleges that Defendants' forced medication practices violated his rights under the Eighth and Fourteenth Amendments and constituted medical malpractice under Illinois law. He further contends that Weitekamp and certain unknown record keepers violated his Fourteenth Amendment rights in withholding the IDOC guidelines.

## II. LEGAL STANDARD

Under Rule 12(b)(1), a party may move to dismiss a case for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). The burden

of establishing subject matter jurisdiction rests with the plaintiff. *Sapperstein v. Hager,* 188 F.3d 852, 855 (7th Cir. 1999). In ruling on a 12(b)(1) motion, the Court accepts "as true all facts alleged in the well pleaded complaint and draw[s] all reasonable inferences in favor of the plaintiff." *Scanlan v. Eisenberg,* 669 F.3d 838, 841 (7th Cir. 2012).

A motion to dismiss for failure to state a claim under Rule 12(b)(6) challenges the legal sufficiency of a complaint. *Hallinan v. Fraternal Order of Chi. Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). As with a Rule 12(b)(1) motion, the Court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Camasta v. Jos. A. Bank Clothiers, Inc.,* 761 F.3d 732, 736 (7th Cir. 2014). However, a court need not accept as true "legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)) (internal quotations and alterations omitted).

### III. ANALYSIS

#### A. Count I – Violation of 42 U.S.C. § 1983 Against Godinez

In Count I, Plummer alleges that Godinez deprived him of his constitutional rights, presumably in conjunction with the forced medication regime. Defendants argue that Count I should be dismissed

because Plummer has failed to allege facts suggesting Godinez's personal involvement in any wrongdoing and because § 1983 does not permit Plummer to sue Godinez in his official capacity. Plummer does not address either argument, but instead argues that Godinez "must be named as a defendant" because he is the only individual capable of implementing injunctive relief.

"In order to state a claim under Section 1983, a plaintiff must allege that the defendants deprived him of a right secured by the Constitution or laws of the United States, and that the defendants acted under color of state law." *Brokaw v. Mercer Cnty.*, 235 F.3d 1000, 1009 (7th Cir. 2000). A "causal connection, or an affirmative link" must exist between the alleged violation and the defendant. *Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983). A supervisory official cannot be held vicariously liable under § 1983 for conduct of his subordinates "unless the individual was personally involved in the wrongful conduct such that he or she caused or participated in the alleged violation." *Boyce v. Moore,* 314 F.3d 884, 888 (7th Cir. 2002).

Plummer's Amended Complaint does not contain any facts connecting Godinez to the forced medication regime. Nor does it indicate how Godinez "caused or participated in" any wrongdoing carried out through his subordinates. The Court finds Plummer's conclusory allegations insufficient to state a claim under § 1983. *See, Brooks,* 578 F.3d at 580 (rejecting § 1983 claim where "vague phrasing" failed to "adequately connect specific defendants to illegal acts").

Plummer's official capacity claim against Godinez fails for the additional reason that it is barred by the Eleventh Amendment. *See, Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *accord Wagoner v. Lemmon,* 778 F.3d 586, 592 (7th Cir. 2015). Plummer has no claim to injunctive relief because, as Defendants point out, he was released from prison in 2008. *See, Grayson v. Schuler,* 666 F.3d 450, 451 (7th Cir. 2012) (finding claim for injunctive relief moot where plaintiff was no longer incarcerated). Accordingly, the Court dismisses Count I.

## B. Count XXIII – Violation of 42 U.S.C. § 1983 Against Weitekamp

In Count XXIII, Plummer alleges that Weitekamp violated his constitutional rights by withholding the IDOC guidelines he had requested under ILFOIA. Defendants characterize this claim as one "for the release of documents under ILFOIA" that must be heard in state court. To the extent that Plummer is claiming a due process violation, Defendants argue, he has failed to allege that he was deprived of any constitutionally protected interest or subjected to insufficient procedural protections. Plummer contends that this Court may exercise supplemental jurisdiction under 28 U.S.C. § 1367(a).

The Court first examines Count XXIII as a claim for relief under ILFOIA. ILFOIA provides injunctive and declaratory relief to persons "denied access to inspect or copy any public record by a public body." 5 ILCS 140/11(a). When the denial is from a public body of the state, "suit may be filed in the circuit court for the county where the public body has its principal office or where the person denied access resides." 5 ILCS 140/11(b). The statute further provides that

Illinois circuit courts "shall have the jurisdiction to enjoin the public body from withholding public records and to order the production of any public records improperly withheld from the person seeking access." 5 ILCS 140/11(d). Courts within this District have read ILFOIA as requiring claims to be heard in state court. *See, Anderson v. Hardman,* No. 99 C 7282, 1999 WL 1270692, at *3 (N.D. Ill. Dec. 17, 1999) ("[Plaintiff] must seek to compel release of the state agency records in state court. . . . This court accordingly has no jurisdiction to hear [plaintiff's] claim as to any state FOIA claim he may wish to make."); *Smith v. Peters,* No. 95 C 3009, 1995 WL 382953, at *1 (N.D. Ill. June 23, 1995) ("[Plaintiff's] remedy, if any, must come through the Illinois state court system, not the federal courts."). Although Plummer may ultimately need the IDOC guidelines to evaluate his treatment, his ILFOIA claim is a "purely state-law claim[] only tangentially related to the federal constitutional claim." *Cannon v. Shomig,* No. 99 C 3537, 1999 WL 571052, at *2 (N.D. Ill. July 30, 1999). The Court therefore lacks jurisdiction over Count XXIII to the extent that it is an ILFOIA claim.

The Court now examines Count XXIII as a due process claim. "To state a procedural due-process claim, a plaintiff must allege (1) deprivation of a protected interest, and (2) insufficient procedural protections surrounding that deprivation." *Michalowicz v. Vill. of Bedford Park,* 528 F.3d 530, 534 (7th Cir. 2008). A complaint fails to state a valid procedural due process objection — and § 1983 claim — if it neglects to challenge the fundamental fairness of the state's procedures. *Hamlin v. Vaudenberg,* 95 F.3d 580, 583 (7th Cir. 1996)

(citing *Daniels v. Williams,* 474 U.S. 327, 339–40, (1986) (Stevens J., concurring)). Although Plummer vaguely alleges that he was "legally entitled" to certain documents, (Am. Compl., ECF No. 50, ¶ 104), the Amended Complaint is devoid of any allegations that the state affords insufficient procedural protections in relation to ILFOIA requests. Plummer has therefore failed to state a § 1983 claim for violation of his Fourteenth Amendment rights.

Even if Plummer had adequately pleaded his claim, it would be barred by the existence of an adequate remedy under ILFOIA —injunctive and declaratory relief in state court. Here, Plummer's claim appears to be based on Weitekamp's failure to comply with the IAG's order to turn over documents. (*See, id.* ¶ 55.) Where a procedural due process claim is based on "random and unauthorized" conduct such as this, "an action for a denial of procedural due process will not lie . . . if an adequate state remedy exists." *Gray v. Baenen,* No. 12-CV-1257, 2014 WL 201719, at *4 (E.D. Wis. Jan. 16, 2014). Accordingly, the Court dismisses Count XXIII.

### C. Counts XXV-XXIX - Claims against Menard, Dixon, IDOC, and the State of Illinois

In Counts XXV–XXVII, Plummer alleges that Menard, Dixon, and IDOC are liable for certain Defendants' actions under a *respondeat superior* analysis. In Counts XXVIII–XXIX, Plummer alleges that IDOC and the State of Illinois are necessary parties to this action for indemnification purposes. Defendants contend that all five counts are barred by the Eleventh Amendment. Plummer responds that the Eleventh Amendment does not prohibit suits for injunctive relief.

The Eleventh Amendment immunizes states, state agencies, and state officials acting in their official capacities from suit in federal court. *Indiana Prot. & Advocacy Servs. v. Indiana Family & Soc. Servs. Admin.,* 603 F.3d 365, 370 (7th Cir. 2010). There are several well-established exceptions to Eleventh Amendment immunity, such as when a state consents to suit or Congress abrogates immunity through legislation. *Id.* at 371. Another exception arises when a plaintiff seeks injunctive relief — however, this exception only applies to claims against state officials. *See, id.; Brunken v. Lance,* 807 F.2d 1325, 1329 (7th Cir. 1986) (explaining that where suit is brought against state agencies, rather than state officials, the Eleventh Amendment bars the suit, "regardless of the relief sought"). "Illinois has retained the sovereign immunity afforded it under the Eleventh Amendment," except for tort cases for damages proceeding in the Illinois Court of Claims. *Stone v. Pepmeyer,* No. 07-1198, 2008 WL 879553, at *13 (C.D. Ill. Mar. 28, 2008).

Whether his *respondeat superior* and indemnification claims are premised on his § 1983 or medical malpractice claims, the Eleventh Amendment prohibits Plummer from seeking monetary damages against the state and its agencies in federal court. As noted above, Plummer has no claim for injunctive relief because he was released from prison in 2008. *See, Grayson,* 666 F.3d at 451. Even if he did, the exception to Eleventh Amendment immunity for injunctive relief would not apply here because Counts XXV-XXVII are brought against Illinois and Illinois agencies.

Plummer's *respondeat superior* claims are problematic for other reasons. First, in that Plummer seeks to impose liability on Menard, Dixon, and IDOC for constitutional violations committed by their employees, "there is no *respondeat superior* liability under § 1983." *Askew v. Sheriff of Cook Cnty., Ill.,* 568 F.3d 632, 637 (7th Cir. 2009). Second, the Defendants named in these counts are not "persons" subject to suit under § 1983. *See, Joseph v. Bd. of Regents of Univ. of Wisconsin Sys.,* 432 F.3d 746, 748 (7th Cir. 2005). The Court therefore dismisses Counts XXV-XXIX.

## IV. CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss Counts I, XXIII, and XXV-XXIX [ECF No. 66] is granted.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Dated: 8/17/2015